**NOT FOR PUBLICATION**                                         CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANGEL MARTINEZ,                  :
                                 :   Civil Action No. 12-4068 (SRC)
            Petitioner,          :
                                 :
       v.                        :   **OPINION**
                                 :
CHARLES WARREN, *et al.*,        :
                                 :
            Respondents.         :

**APPEARANCES**:

    Petitioner <u>pro se</u>
    Angel Martinez
    #533573/638578C
    New Jersey State Prison
    P.O. Box 861
    Trenton, NJ 08625

    Counsel for Respondents
    Barbara A. Rosenkrans
    Essex County Prosecutor's Office
    Essex County Courts Building
    50 West Market Street
    Newark, NJ 07102

**CHESLER**, District Judge

    Petitioner Angel Martinez ("Petitioner"), a prisoner currently confined at New Jersey State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondents are Charles Warren and Jeffrey Chiesa.

    For the reasons stated herein, the Petition will be dismissed.

I.  BACKGROUND

According to the petition, Petitioner was convicted of "1st degree robbery, armed burglary, 2nd degree aggravated assault, possession of a knife under circumstances not manifestly appropriate for such lawful use as it may have, possession of a knife with the purpose to use it against the person of another." (Petition, docket entry no. 1.)  His judgment of conviction, entered on November 13, 2006, in the Superior Court of New Jersey, Essex County, led to a minimum sentence of twelve years. (Id.)  The Superior Court of New Jersey, Appellate Division ("Appellate Division") affirmed Petitioner's conviction on January 10, 2008.  (Response to Petition, docket entry no. 13-7.) Petitioner did not file a petition for certification with the New Jersey Supreme Court, thus his direct appeal became final on or about April 10, 2008.  Petitioner then filed for state post-conviction relief ("PCR") on June 26, 2008.  (Response to Petition, docket entry no. 13-8.)  PCR was denied on March 23, 2009.  (Response to Petition, docket entry no. 13-11.) Petitioner filed his notice of appeal of the denial of PCR on October 25, 2010.  (Response to Petition, docket entry no. 13-12.)  The Appellate Division affirmed denial of PCR on November 7, 2011.  (Response to Petition, docket entry no. 14-2.) Certification was denied by the New Jersey Supreme Court on May 9, 2012.  (Response to Petition, docket entry no. 14-4.)

Petitioner signed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction, for filing on June 26, 2012, and it was docketed by the Clerk of the Court on July 2, 2012.  He was advised of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), and an Order to Answer was issued.  In their answer, among other things, Respondents assert that the Petition is time-barred.  This matter has been fully briefed and is now ready for decision.

## II.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## III.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ...

```
         (A) the date on which the judgment became final by
         the conclusion of direct review or the expiration
         of the time for seeking such review; ...
   (2) The time during which a properly filed application
   for State post-conviction or other collateral review
   with respect to the pertinent judgment or claim is
   pending shall not be counted toward any period of
   limitation under this section.
```

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup.Ct. R. 13.

The limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal

4

to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed.  Swartz, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. Dist. Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001).

    Here, it is clear that the statutory time period of one year had elapsed during the time period between when PCR was denied on March 23, 2009, and when Petitioner filed his notice of appeal of the denial of PCR on October 25, 2010.

    Respondents raised the issue of timeliness in their answer, noting some shorter periods in which Petitioner allowed his one-year to elapse, but most tellingly point out the gap of over a year between denial of Petitioner's PCR until his filing of the notice of appeal.  That time alone was enough for the statute of limitations to have elapsed.

    Petitioner has offered no response to the argument that the matter is time-barred.  While a petitioner may be able to overcome this statutory time bar if he or she can show that the limitations period did not expire as determined by this Court, or if he or she can show a basis for equitable tolling, see Fahy v.

Horn, 240 F.3d 239, 244 (3d Cir. 2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998), Petitioner here has not made such a showing.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).  Mere excusable neglect is not sufficient.  Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that

the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).[1]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Petitioner has not shown that he exercised reasonable diligence in light of any extraordinary circumstances. Petitioner has shown no basis for equitable tolling. Accordingly, the petition is time-barred and shall be dismissed.

## IV.   CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability

---

[1] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. For the reasons discussed above, this § 2254 habeas petition is time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## V. CONCLUSION

For the reasons set forth above, the Petition must be dismissed. An appropriate order follows.

                                        s/Stanley R. Chesler
                                        STANLEY R. CHESLER
                                        United States District Judge

DATED: March 12, 2013